REQUESTED BY: Dear Senator:
You have asked for an interpretation of the effect of one of the Select File amendments of LB 407. The amendment would amend section 77-202.12, R.R.S. 1943 (which would already be amended by other amendments of LB 407 to include mobile homes as possible homesteads), by adding the following language:
 "For the purposes of this subdivision mobile homes shall include a cabin trailer or mobile home which has become attached to real estate and a mobile home or cabin trailer whose owner is required to obtain a permit pursuant to section 60-1602 for such cabin trailer or mobile home."
We are not positive exactly what is intended by the reference to cabin trailers or mobile homes which have become attached to real estate. If they have become attached to real estate in a legal sense, they have become a part of the real estate. In other words, if the owner of real estate owns a mobile home and moves it on to the real estate and `attaches' it, the mobile home has become a part of the real estate. If it is occupied by the owner as a residence, it would qualify as a homestead under the present law, like any other residence. We point out that section 60-1602 specifically excludes such mobile homes from registration.
On the other hand, if the mobile home is not owned by the owner of the real estate, there is ordinarily an understanding or specific agreement that the mobile home can be removed at the expiration of the rental period. Under those circumstances, in legal theory it has not become `attached' to the real estate, even though the physical connections are the same as if the owner of the mobile home were the owner of the real estate. We are therefore somewhat at a loss to explain the exact significance of the reference to mobile homes attached to real estate.
As to mobile homes not attached to real estate, you ask whether the above-quoted amendment would make the homestead exemption applicable to mobile home owners having a one-year lease on the lots on which the homes are located. It clearly would. Such mobile homes are required by section60-1602 to obtain a permit for them, and section 77-1240.02
requires payment of the motor vehicle tax at the time of registration. The amendment you inquire about would qualify mobile homes as homesteads, so the taxpayers would be entitled to the homestead exemption.
In discussing your questions with us, you also indicated that you wonder about the effect of the amendment on mobile homes temporarily in the state. Section 60-1602 requires every cabin trailer or mobile home which is located in any county in this state for a period of thirty days or more to obtain the permit required by that section, and, again section 77-1240.02 requires the payment of taxes at the time of obtaining the permit. The amendment you inquire about clearly qualifies such cabin trailers and mobile homes for the homestead exemption. Of course, those not kept in the county for more than thirty days are not required to obtain the permit, and therefore do not pay the tax. As to them, the amendment you inquire about would have no application.